UNITED STATES DISTRICT COURT FOR ONLINE PUBLICATION
EASTERN DISTRICT OF NEW YORK

---

TODD C. BANK, Individually and on Behalf
of All Others Similarly Situated,

                                Plaintiff,

              - versus -

ALLIANCE HEALTH NETWORKS, LLC,
formerly Alliance Health Networks, Inc.;
INGRAM MEDICAL ADMINISTRATION,
INC., also known as Ingram Medical; and
MEDSOURCE RX PHARMACY, LLC, doing
business as Medsource Diabetic, Medsource
RX, and Your Diabetic Pharmacy,

                                Defendants.

MEMORANDUM
AND ORDER
15-CV-213 (JG)(VMS)

A P P E A R A N C E S:

    TODD C. BANK
        119-40 Union Turnpike
        4th Floor
        Kew Gardens, New York 11415
    By:   *Plaintiff Pro Se*

    MANATT, PHELPS & PHILIPS, LLP
        7 Times Square
        New York, New York 10036
    By:   Christine M. Reilly
        *Attorneys for Defendant*

JOHN GLEESON, United States District Judge:

        Todd Bank brings this *pro se* action individually and on behalf of a putative class. He alleges that defendants Alliance Health Networks, LLC ("Alliance"), Ingram Medical Administration, Inc. ("Ingram"), and Medsource Rx Pharmacy, LLC ("Medsource") violated 47 U.S.C. § 227 of the Telephone Consumer Protection Act (the "TCPA") and New York General Business Law ("NYGBL") § 399-p(3)(a) by making or authorizing two calls to Bank's

residential telephone number using an automatic-dialing mechanism with a prerecorded message. Compl., ECF No. 1, ¶¶ 19-22. The calls alleged in the complaint were made on November 7, 2014, from a caller identified as "Brewster, 845-363-8711." *Id.* ¶ 19. Bank claims that the calls at issue were made "by, or on behalf of, or with the authorization of, Alliance, Ingram and Medsource." *Id.* ¶ 22. He does not allege further facts about the calls or about their ties to the defendants.

Defendants have moved to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) and 12(b)(1) for failure to state a claim and for lack of subject matter jurisdiction. Defendants' arguments in support of their motion include that Bank failed to allege facts sufficient to show defendants are liable for any of the alleged calls. For the reasons stated below, the defendants' motion to dismiss is granted.

## DISCUSSION

A. *The TCPA Claim*

    1. *The Standard of Review*

In order to survive a motion to dismiss under Rule 12(b)(6), a complaint must allege sufficient facts to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bigio v. Coca-Cola Co.*, 675 F.3d 163, 173 (2d Cir. 2012). A court should assume all well-pleaded allegations in the complaint to be true "and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679. The plaintiff must "provide the grounds of his entitlement to relief" with "more than labels and conclusions," as "a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

2.  *The Sufficiency of the Allegations*

Defendants argue that "not one single factual statement connects the alleged calls to any one of the Defendants," and thus, Bank cannot hold them vicariously liable for the calls alleged in the complaint. Def. Br. at 8. I agree.

The allegations in Bank's complaint are materially identical to the allegations in both *McCabe v. Caribbean Cruise Line, Inc.*, No. 13-CV-6131 (JG), 2014 WL 3014874 (E.D.N.Y. July 3, 2014), and *Bank v. Philips Electronics North American Corp.*, No. 14-CV-5312 (JG)(VMS), 2015 WL 1650926 (E.D.N.Y. Apr. 15, 2015) ("*Philips*"). In *McCabe*, where Bank served as counsel for the putative class, he alleged unlawful conduct under the TCPA "with the authorization of, and in concert with, the [defendants]." *McCabe*, 2014 WL 3014874, at *2 (internal quotations omitted). I maintained that this allegation, without more, amounted to nothing more than a conclusory recitation of the principle of vicarious liability, and was therefore insufficient to adequately state a claim against one of the defendants. *Id.* The same was true of the complaint in *Philips*, where Bank represented himself *pro se*, and which I dismissed for the same reasons. *Philips*, 2015 WL 1650926, at *3. And the same is true of Bank's instant complaint, which alleges merely that the calls at issue were made "by, or on behalf of, or with the authorization of [the defendants]." Compl. ¶ 22.

I noted in *McCabe* that the specific allegation of a contractual relationship between the caller and one of the defendants was sufficient to plead vicarious liability against that defendant. *See McCabe*, 2014 WL 3014874, at *3. However, I dismissed the allegations against the other defendants because they failed to allege such a relationship. *See id.* No allegation of a contractual relationship or other factual basis to support a relationship giving rise to vicarious liability is present here. Bank argues that the allegation in this case – that the calls

3

that he received had been "made by, or on behalf of, or with the authorization of [defendants]" – is materially different from that in *Philips*, where he alleged that the calls "were made by, or on behalf of, or with the authorization of, *an authorized dealer of [the defendant]*." Pl. Opp. at 22 (quoting *Philips*, 2015 WL 1650926, at *3) (emphasis in Bank's opposition). Bank does not offer any support for why this distinction is significant, and I find none. Bank's allegations in the instant matter are substantively identical to the insufficient allegations made in *Philips* and *McCabe*, and therefore he fails to plead facts sufficient to survive a motion to dismiss for the same reasons.

For the above reasons, the defendant's motion to dismiss pursuant to Rule 12(b)(6) is granted.

B.  *The NYGBL Claim*

Because I grant the defendants' motion to dismiss Bank's TCPA claims, I decline to exercise supplemental jurisdiction over the alleged violation of NYGBL § 399-p. *See* 28 U.S.C. § 1367(c)(3) (district court "may decline to exercise supplemental jurisdiction" over related state law claims if the court "has dismissed all claims over which it has original jurisdiction"); *see also United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966) ("Certainly, if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well.").

CONCLUSION

For the reasons stated above, the defendants' motion to dismiss for failure to state a claim is granted on the ground that Bank failed to allege facts giving rise to a plausible inference that the defendants are liable for the calls. Because I grant the defendants' motion to dismiss on this ground, I need not consider their additional arguments. Bank's request for leave

4

to amend his complaint is granted, as I must "freely give leave when justice so requires."  Fed. R. Civ. P. 15(a)(2).

So ordered.

John Gleeson, U.S.D.J.

Dated: August 4, 2015
    Brooklyn, New York