Bank v. Alliance Health Networks, LLC, et al
15-4037



# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

       At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 20th day of October, two thousand sixteen.

PRESENT:
            GUIDO CALABRESI,
            DEBRA ANN LIVINGSTON,
                *Circuit Judges*,
            JED S. RAKOFF,
                *District Judge.* *
_____

TODD C. BANK, INDIVIDUALLY AND ON BEHALF OF
ALL OTHERS SIMILARLY SITUATED,

                    *Plaintiff-Appellant*,

            v.                                                          15-4037-cv

ALLIANCE HEALTH NETWORKS, LLC, FKA
ALLIANCE HEALTH NETWORKS, INC., MEDSOURCE
RX PHARMACY, LLC, DBA MEDSOURCE DIABETIC,
DBA MEDSOURCE RX, DBA YOUR DIABETIC
PHARMACY,

                    *Defendants-Appellees,*

---

* Judge Jed S. Rakoff, of the United States District Court for the Southern District of New York, sitting by designation.

MANDATE
MANDATE ISSUED ON 12/06/2016

INGRAM MEDICAL ADMINISTRATION, INC.,

      *Defendant*.

---

| | |
|---|---|
| For Plaintiff-Appellant: | Todd C. Bank, pro se, Kew Gardens, New York. |
| For Defendant-Appellee**:** | Christine Reilly, Manatt, Phelps & Phillips LLP, New York, New York. |

  Appeal from a judgment of the United States District Court for the Eastern District of New York (Gleeson, *J.*)

  **UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

  Appellant Todd C. Bank, an attorney proceeding pro se, appeals from the district court's determination that an entry of judgment in his favor pursuant to the defendants' offer of judgment under Rule 68 of the Federal Rules of Civil Procedure rendered Bank's federal and state law claims moot for Article III standing purposes. Bank brought claims under the Telephone Consumer Protection Act, 47 U.S.C. § 227, and New York's General Business Law § 399-p individually and on behalf of a putative class. On appeal, he argues that the satisfaction of the judgment on his individual claims did not deprive the court of subject matter jurisdiction over his class action claims. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

  We "review *de novo* a district court's decision concerning Article III subject matter jurisdiction insofar as that decision is based solely on conclusions of law." *Tanasi v. New Alliance Bank*, 786 F.3d 195, 198 (2d Cir. 2015).

  We conclude that the district court properly dismissed Bank's claims as moot and that, in the circumstances of this case, Bank lacks standing to pursue the class claims. The Supreme Court has held that an unaccepted Rule 68 offer of judgment, on its own, will not moot a plaintiff's

claims.  *Campbell-Ewald Co. v. Gomez*, 136 S. Ct. 663, 670 (2016); *see also Tanasi*, 786 F.3d at 197.  But where judgment has been entered and where the plaintiff's claims have been satisfied, as they were here when Bank negotiated the check, any individual claims are rendered moot.  *See Campbell-Ewald*, 136 S. Ct. at 671.  We have not previously addressed whether, in all cases, the rendering moot of a plaintiff's individual claims undermines that plaintiff's standing to pursue claims on behalf of a putative class and, in *Tanasi*, we explicitly left open the question whether unresolved class action claims can ever provide an independent basis for justiciability.  786 F.3d at 201.  However, because Bank lacks any connection to a "live claim of h[is] own," *Campbell-Ewald*, 136 S. Ct. at 672, or any cognizable interest in pursuing the class claims, we need not reach that question today.

"Article III limits federal-court jurisdiction to cases and controversies," which requires that "an actual controversy be extant at all stages of review, not merely at the time the complaint is filed."  *Id.*, 136 S. Ct. at 669 (internal quotation marks and citations omitted).  Although a certified class may obtain independent status for purposes of the standing analysis, *see Sosna v. Iowa*, 419 U.S. 393, 399 (1975), where the individual claims of the putative class representative are rendered moot prior to certification, in general "the entire action becomes moot," *Comer v. Cisneros*, 37 F.3d 775, 798 (2d Cir. 1994).  Since Bank was the sole individual representative for the putative class, once his claim was no longer live, no plaintiff remained in a position to pursue the class claims.

Though there are several circumstances in which a named plaintiff's individual claim being rendered moot will not remove the basis for the associated class action, none of those circumstances are present here.  For instance, the relation back doctrine will sometimes permit a

3

court to review a class certification decision even after a plaintiff's individual claims have been rendered moot. *See Genesis Healthcare Corp. v. Symczyk*, 133 S. Ct. 1523, 1530 (2013). But absent a class certification decision or any other reason to link Bank's once-live claim to the now-independent class claims, that line of cases is simply inapplicable.

Bank also posits that he has a personal stake in the class action litigation, and therefore standing, because he could ultimately receive an incentive reward as representative of the putative class. We reject this argument. Ordinarily, standing requires that a plaintiff allege a concrete injury that creates a legally-protected interest in pursuing the litigation. *Spokeo, Inc. v. Robbins*, 136 S. Ct. 1540, 1548 (2016). A purely hypothetical possibility of recovery is not sufficient to meet the requirements for standing. *Id.* ("When we have used the adjective 'concrete,' we have meant to convey the usual meaning of the term—'real,' and not 'abstract.'"); *Martin v. United States Sec. & Exch. Comm'n*, 734 F.3d 169, 174 (2d Cir. 2013). Even assuming that this requirement could be relaxed under certain circumstances in the class action context, the incentive award potentially available to a class representative would not qualify. Bank admits in his brief that such awards are not automatic and are within the discretion of the court. Since these awards are not guaranteed and are dependent on the district court's approval after the class is certified and a recovery occurs, they are not sufficiently concrete to meet the standing requirements. *Cf. W.R. Huff Asset Mgmt. Co., LLC v. Deloitte & Touche LLP*, 549 F.3d 100, 109 (2d Cir. 2008) (holding that an interest in recovering attorney's fees, alone, is insufficient to create Article III standing). Moreover, there was never even a determination as to whether there might be a cognizable class in this case, as Bank never moved for class certification. Therefore, Bank has not maintained the standing necessary to pursue the putative class claims.

We have considered all of Bank's remaining arguments and find them to be without merit.

Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit